IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,           )
                                    )
            vs.                     )
                                    )   CRIMINAL Nos. 18-227 & 19-244
BRANDON BROTHERS,                   )
                                    )
            Defendant.              )
                                    )
                                    )

AMBROSE, United States Senior District Judge

**<u>MEMORANDUM ORDER OF COURT</u>**

**I.      *Synopsis***

Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A), as amended by §603(b)(1) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), commonly referred to as the "Compassionate Release" statute. In both of his cases at docket numbers CR 18-227 and CR 19-244, Defendant was charged with drug-related counts (one count of possession with intent to distribute a quantity of heroin and one count of possession with intent to distribute fentanyl)  to which he pled guilty and was sentenced to 120 months of imprisonment to be followed by a three-year term of supervised release.   Now, Defendant seeks compassionate release due to: "medical, co-morbidities, and extraordinary and compelling reasons: COPD, pulmonary fibrosis, clubbing of the fingers and toes, heart murmur, uncontrollable hypertension, obesity, [and]  high risk diabetes."  (ECF Nos. 81 at docket 18-227 and 27 at docket 19-244).   The Government filed a Response in Opposition.  After careful consideration of the submissions, and for the reasons set forth below, Defendant's Motion is denied.

## II.    Analysis

A district court has only limited authority to modify a sentence.  Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons could seek a reduction of sentence. *United States v. Handerhan*, 789 F.App'x 924, 925 (3d Cir. 2019).  Section 603(b) of the First Step Act, titled "Increasing the Use and Transparency of Compassionate Release," now empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i).

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **_after_** the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. §3582(c)(1)(A)(i) (emphasis added). Thus, before a prisoner can file a compassionate release motion, administrative rights must be exhausted as set forth above.

The exhaustion requirement is mandatory.  *See, United States v. Raia*, 945 F.3d 594 (3d Cir. 2020). In *Raia*, the Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of Covid-19, and held that the "exhaustion requirement takes on added – and critical – importance." *Raia*, 945 F.3d at 597.  The BOP is in the best position in the first instance to consider the myriad of factors necessary in rendering a decision.  *See, id.*

In this case, Defendant makes no assertion regarding exhaustion.  There is no evidence to suggest that he has met the exhaustion requirement. Defendant must exhaust his

administrative remedies before he may seek relief in this Court.  Therefore, Defendant's Motion is denied on this ground.

Even if I did not grant Defendant's Motion on the basis of failure to exhaust, Defendant's Motion would still be denied as he has failed to establish extraordinary and compelling reasons warranting release.   The Sentencing Commission issued a policy statement related to §3582(c)(1)(A).  It provides, in part, that: "the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C §3553(a), to the extent they are applicable, the court determines that –(1)(A) extraordinary and compelling reasons warrant the reduction;…(2) the defendant is not a danger to the safety of any other person or to the community…; and (3) the reduction is consistent with this policy statement."  U.S.S.G. §1B1.13.  The Application Notes to the policy statement recognize that "extraordinary and compelling reasons" may exist based on a defendant's age, family circumstances, a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or "other reasons."  U.S.S.G. §1B1.13, Cmt., App. Note 1 (A)-(D).   When evaluating "extraordinary and compelling" reasons, the Defendant bears the burden of showing: "(1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Somerville*, 463 F.Supp.3d, 585, 597  (W.D. Pa.  2020).

Defendant has not provided any evidence of the several listed medical conditions giving rise to his Motion.  In fact, contrary to Defendant's assertions of several medical conditions, at the time of sentencing less than a year ago on September 20, 2020, Defendant reported that he is healthy and is not prescribed any medication.   There is no evidence of his ability to provide self-care.   Consequently, I am not persuaded defendant has any medical conditions that is a "sufficiently serious" medical condition placing Defendant at a uniquely high risk of grave illness or death if infected by COVID-19.

In examining "extraordinary and compelling" reasons, I also consider the impact of the Covid-19 pandemic specifically at FCI Hazelton where Defendant is currently incarcerated. Defendant must show an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *United States v. Somerville*, 463 F.Supp.3d, 585, 597  (W.D. Pa. 2020); *United States v. Price*, No. 2:08-CR-312-NR, 2020 WL 6487483, at *1 (W.D. Pa. Nov. 4, 2020)(requiring a showing that the "BOP facility in which he is housed has not adequately cared for his medical needs").   An uncontrolled outbreak at the facility or the lack of an adequate response by the BOP can serve to demonstrate this.  *Price,* 2020 WL 6487483, at *1.  As of June 1, 2021, FCI Hazelton has zero positive inmates and only one positive staff.   *See,* https://www.bop.gov/coronavirus/ (last visited June 1, 2020).   Further, there is no evidence to suggest that FCI Hazelton is not effectively mitigating the spread of COVID-19, nor is there evidence to suggest that FCI Hazelton is unable or unwilling to provide adequate medical care to Defendant.   Consequently, I find Defendant has failed to establish "extraordinary and compelling" reasons for purposes of compassionate release under 18 U.S.C. §3582(c)(1)(A)(i).   As such, compassionate release on this ground is denied.

Furthermore, even if "extraordinary and compelling" reasons existed, I would still find that release would not be appropriate.   Generally, once a court finds that an "extraordinary and compelling" reason may warrant release, it must determine whether the defendant is a danger to the safety of a person or to the community and whether release is appropriate in light of the factors set forth under §3553(a). Specifically, "in considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Bess*, 455 F. Supp.3d 53, 66 (W.D.N.Y. 2020), *appeal withdrawn,* No. 20-1491, 2020 WL 4496494 (2d Cir. May 29, 2020).

First, despite Defendant's alleged completion of BOP programs, I am not persuaded that Defendant is not a danger and threat to the community.   Given Defendant's criminal history and

his conduct in these cases, I find that Defendant remains a tangible danger to others and the community.

Next, I turn to the §3553(a) factors.  The principal §3553(a) factors include, *inter alia,* the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed -- to promote respect for the law, to reflect the seriousness of the offense, to deter others from engaging in criminal conduct, to protect the public from further crimes of the defendant, and to provide just punishment; the kinds of sentences available; and the need to avoid unwarranted sentence disparities.  18 U.S.C. §3553(a).  That determination necessarily includes the consideration of the length of the defendant's original sentence, including the portion served and the portion remaining.

The underlying criminal charges for which Defendant plead guilty and was sentenced are very serious crimes.  Defendant's total offense level at the time of sentencing was 29 with a criminal history category of VI.  Defendant's actual sentence of 120 months was a variance from the guideline range of 151-188 months.  Moreover, the amount of time Defendant has served for this offense has not been considerable and the remaining amount of time on Defendant's sentence, is not insignificant.  Based on the same, I find that the relief requested would not reflect the nature and seriousness of the crime, afford adequate deterrence (either to Defendant or to society), promote respect for the law, or provide just punishment.  It would undermine goals of the imposed sentence, would diminish the sentence's deterrent effect and create a significant sentencing disparity among defendants with similar records.  Accordingly, even if Defendant had exhausted his administrative remedies and I found that there were "extraordinary and compelling" circumstances, I would find that the "extraordinary and compelling" circumstances would be outweighed by the §3553(a) factors and the threat to the community.  Consequently, I find that such considerations continue to support the sentence originally imposed and mandate the denial of Defendant's Motion.

THEREFORE, this 2nd day of June, 2021, Defendant's Motion for Compassionate Release is denied.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge